IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ameena Salahuddin,**

    **Plaintiff,**      Case No. 2:25-cv-93

    v.      Chief District Judge Sarah D. Morrison
         Magistrate Judge Kimberly A. Jolson

**Honorable Judge Julie Lynch,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Defendant Ameena Salahuddin, an Ohio resident proceeding *pro se*, brings this action against the Honorable Judge Julie Lynch of the Franklin County Court of Common Pleas. (Doc. 1). This matter is before the Undersigned on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and for an initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2).

The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The Court also **GRANTS** Plaintiff's Motion to Obtain Electronic Case Filing Rights. (Doc. 2). But the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I. STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure

up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

**II. DISCUSSION**

Plaintiff's Complaint alleges that Judge Lynch violated her rights under 42 U.S.C. § 1983. (Doc. 1-1). Though her Complaint does not provide much context, it seems that Plaintiff was a

2

defendant in a foreclosure and eviction proceeding before Judge Lynch. (*Id.*).[1] In defending herself, Plaintiff says she claimed a "federal land patent defense" that Judge Lynch "dismissed . . . without substantive review." (*Id.* at 2). Further, Plaintiff claims that the subsequent foreclosure and eviction violated several federal laws and regulations including 24 C.F.R. § 203.501, 15 U.S.C. § 1601, 12 U.S.C. § 2605(e), and 12 C.F.R. § 1024.41(f). (*Id.*). Plaintiff alleges Judge Lynch ignored certain laws and "evidence of racial and disability discrimination, due process violations, and the [Franklin County Sheriff's office's] improper execution of the Writ of Possession." (*Id.* at 2–3). Finally, she says Judge Lynch allowed the unlawful eviction of her "adult daughter" and "two minor children" who were not named in the eviction order. (*Id.* at 3).

On these facts, Plaintiff claims that Judge Lynch violated her due process rights, engaged in judicial bias, failed to address civil rights violations by the Franklin County Sheriff's deputies, and improperly enforced an unlawful eviction "resulting in the deprivation of Plaintiff's constitutional rights." (*Id.* at 1). As relief, she requests a declaratory judgment that Judge Lynch violated her constitutional rights, an injunction preventing enforcement of an eviction, and compensatory and punitive damages. (*Id.* at 4). In the end, though, Plaintiff's claims are barred by judicial immunity.

Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . . Accordingly, judicial immunity is not

---

[1] *See* Case Nos. 17-CV-011307 and 23-AP-000035, viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Here, Plaintiff's claims against Judge Lynch clearly relate to actions she took while functioning in her judicial capacity: her evaluation of evidence, consideration of arguments, and rendering of the ultimate decision. (Doc. 1-1); *see Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219, 227(1988)) ("Clearly, the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court."). Plaintiff's claims are, at best, classified as allegations of bad faith, malice, or bias. But even this is not enough to overcome judicial immunity. *Mireles*, 505 U.S. at 11; *see Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at *4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity."). And Plaintiff alleges no facts from which the Undersigned could infer that Judge Lynch took action outside of her judicial capacity or in absence of jurisdiction.

What's more, this is the second time Plaintiff has attempted to attack her eviction in this Court. *See Atlantica LLC v. Salahuddin*, No. 2:24-CV-4098, 2024 WL 4893505 (S.D. Ohio Nov. 26, 2024), *report and recommendation adopted*, No. 2:24-CV-4098, 2025 WL 27386 (S.D. Ohio Jan. 3, 2025). As this Court previously explained, "[t]he Rooker–Feldman doctrine instructs that because the United States Supreme Court has exclusive jurisdiction to hear appeals from state court judgments, lower federal courts lack jurisdiction over cases that in effect seek appellate

4

review of state court judgments." *ADSA, Inc. v. Ohio*, 176 F. App'x 640, 643 (6th Cir. 2006). The Sixth Circuit has summarized the doctrine "as being designed to prevent 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment [in the lower federal courts] based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted) (alterations in original). Though she styles this lawsuit as a federal civil rights action, it is clear Plaintiff wants this Court to review a state court decision. (*See* Doc. 1-1 at 4 (seeking an injunction "preventing the enforcement of the eviction")). Just like last time, the Rooker-Feldman doctrine bars any such review.

For these reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint be **DISMISSED**.

Finally, this Court can, in its inherent power, revoke or deny a plaintiff's privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014); *see also In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010). The Undersigned **WARNS** Plaintiff that should she continue to file repetitive or frivolous lawsuits, the Court may place additional filing restrictions on her or even declare her a vexatious litigator.

5

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* (Doc. 1) and her Motion to Obtain Electronic Case Filing Rights (Doc. 2) are **GRANTED**.  However, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.  The Undersigned **FURTHER RECOMMENDS** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

IT IS SO ORDERED.

Date: February 27, 2025               /s/Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).